CITY OF SIOUX FALLS, Respondent v. WOLF, Appellant

(114 N.W.2d 100)

(File No. 9873. Opinion filed March 28, 1962)

Lacey & Parliman, Arnold Pfeiffer, Sioux Falls, for Appellant.

John E. Burke, Sioux Falls, for Respondent.

PER CURIAM. Defendant is here complaining of the judgment and sentence on a jury verdict in the municipal court of the City of Sioux Falls for driving a motor vehicle while under the influence of intoxicating liquor.

The only errors assigned on this appeal relate to the giving and refusal of instructions. No question of the sufficiency of the evidence to sustain the conviction is presented.

█ Defendant first urges that the court committed prejudicial error in refusing the following instruction:

> "You are instructed that the defendant is presumed to be innocent and that this presumption attends him throughout the progress of the whole trial, until it is overcome by evidence proving his guilt beyond any reasonable doubt; and, before the jury can convict, the State must establish the guilt of the defendant beyond a reasonable doubt. The defendant is not required to prove his innocence."

Defendant contends that the instructions given the jury did not make clear that the presumption of innocence attends an accused throughout the progress of the trial. The jury was told that at the outset of the trial the defendant was presumed to be innocent and that he was not required to put in any evidence of his innocence. An examination of the record shows that the jury was also instructed on burden of proof and reasonable doubt. In view of the entire charge, it was not necessary that this instruction should have been given. Jurors competent to sit upon a trial would know that the presumption of innocence continued with defendant from the beginning to the end of the trial.

█ █ Defendant complains of the instructions given by the court on reasonable doubt and of the court's refusal to give an instruction requested by him which among other things would have informed the jury that a reasonable doubt may arise "from all the evidence, or from the lack or want of evidence, in the case."

The court did not attempt to instruct upon the circumstances which would give rise to a reasonable doubt. As was said in State v. Liberman, 59 N.D. 252, 229 N. W. 363, "The term 'reasonable doubt' needs no definition. It means what it says. * * * 'Attempts to explain the term "reasonable doubt" do not usually result in making it any clearer to the minds of the jury.' " He allowed the term to stand upon its self definition except insofar as he sought to explain the legal use of the term "reasonable". Since there is nothing in the instructions given which limits the sources of or grounds for a reasonable doubt to the evidence or in any manner excludes a doubt arising from a lack, want, insufficiency or inadequacy of the evidence, it cannot be said that the court was in error in refusing to instruct in specific terms that a lack or want of evidence may afford a basis for reasonable doubt. 23A C.J.S. Criminal Law § 1283.

■ The remaining contentions are that the court erred in refusing to give the following requested instructions:

"The Court instructs the jury that mere probabilities are not sufficient to warrant a conviction, nor is it sufficient that the greater weight or preponderance of the evidence supports the theory of guilt, nor is it sufficient that, upon the doctrine of chance, it is more probable that the defendant is guilty than otherwise; but the State must go further to warrant the conviction of the defendant, and must prove his guilt beyond a reasonable doubt."

"Where the testimony is directly conflicting and both versions, as given to you, cannot be true, and there is reasonable doubt as to which version is true, it is your duty to accept that version which is consistent with the innocence of the defendant."

Without expressing any opinion as to the accuracy of either of these requested instructions, we hold that the refusal to give them was not prejudicial.

In Bathke v. Myklebust, 69 S.D. 534, 12 N.W.2d 550, this Court wrote:

"This court is committed to the rule that to entitle a party to a particular instruction, it must not only correctly state the law, but it must be responsive to the issues in the case."

In 53 Am.Jur., Trial, § 575, p. 454, it is written:

"The rule that instructions are to be confined to the issues applies in criminal cases."

Examination of the record herein fails to demonstrate that the requested instructions now under consideration were responsive to any issues not adequately covered by the instructions given.

The judgment is affirmed.

All the Judges concur.

BANDY, Circuit Judge, sitting for SMITH, J., disqualified.