Larry PERSON, Plaintiff and Appellant,

v.

Judith May PETERSON, Defendant
and Appellee.

No. 12803.

Supreme Court of South Dakota.

Considered on Briefs March 18, 1980.

Decided Sept. 17, 1980.

Robert L. Jones, Sioux Falls, for plaintiff and appellant.

Russell D. Kading of Dana, Golden, Moore & Rasmussen, Sioux Falls, for defendant and appellee.

PER CURIAM.

Defendant Judith Peterson unsuccessfully sued plaintiff Larry Person in small claims court for damages resulting from an automobile collision. A few months later, plaintiff sued defendant in circuit court for damages sustained to his automobile as a result of the same collision. Defendant failed to answer, and judgment by default was entered for plaintiff. Subsequently, defendant moved to vacate the default judgment, alleging that plaintiff's circuit court claim was barred by the compulsory counterclaim rule. SDCL 15-6-13(a). The motion was granted. Plaintiff argues that SDCL 15-6-13(a) does not apply to actions brought in small claims court.

This Court has the power to make rules governing small claims procedure, SDCL 15-39-1.* Pursuant to that authority, the Court has determined that rules of practice in ordinary civil actions shall apply to small claims cases unless they are inconsistent

---

* As amended by 1980 S.D.Sess.Laws ch. 168, § 1, SDCL 15-39-1 provides:

The Supreme Court has power to make, amend, and repeal uniform rules of practice applicable to circuit and magistrate courts in this state, providing for a simple, informal, and inexpensive procedure, hereinafter called the procedure, for the determination according to the rules of substantive law, of claims in the nature of contract or tort other than slander and libel, in which the plaintiff does not claim as debt or damages more than two thousand dollars; and for review of judgments upon such claims when justice so requires.

with the small claims procedure. SDCL 15–39–33.

■ In small claims actions "The defendant within the time for answer may . . claim any setoff or counterclaim within the jurisdiction of the court in civil cases." SDCL 15–39–29. With respect to legislative enactments, we have held that the word "may" in a statute should be construed in a permissive sense unless the context and subject matter indicate a different legislative intent. *Tubbs v. Linn*, 75 S.D. 566, 70 N.W.2d 372 (1955); *Rowenhorst v. Johnson*, 48 S.D. 325, 204 N.W. 173 (1925). We conclude that a similar rule of construction should be applied to our rules.

■ The legislative intent expressed in SDCL 15–39–1 is clear: that the rule–making power granted to this Court by that section be exercised in such a way as to provide "for a simple, informal, and inexpensive procedure . . . for the determination" of small claims. To ascribe the permissive sense to "may" as used in our rule as set forth in SDCL 15–39–29 is congruous with the legislative intent expressed in SDCL 15–39–1 and with the intent manifested in the rules adopted by this Court pursuant to that statute. Small claims procedures should not require the layman to have an understanding of the legal technicalities and requirements that exist regarding compulsory counterclaims in ordinary civil actions. Accordingly, we hold that plaintiff's claim in the circuit court was not barred by SDCL 15–6–13(a).

The order appealed from is reversed, and the case is remanded to the circuit court for reinstatement of the default judgment previously entered in favor of plaintiff.

YOUNG, Circuit Judge, sitting for DUNN, J., disqualified.