David **SLAUGHTER**, Appellant
(Defendant),

v.

The **STATE** of **Wyoming**, Appellee
(Plaintiff).

No. 5449.

Supreme Court of Wyoming.

July 6, 1981.

Michael H. Schilling, Appellate Counsel, and Sylvia Lee Hackl, Asst. Public Defender, Wyoming Public Defender Program (argued), Laramie, on brief, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and John W. Renneisen, Asst. Atty. Gen. (argued), Cheyenne, on brief, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellant-defendant was convicted by a Natrona County jury of two counts of burglary. Appellant, David Slaughter, appeals his conviction alleging that the jury was not adequately instructed on the presumption of innocence.

We will affirm.

On appeal, appellant urges a single assignment of error as follows:

"The trial court erred in refusing to instruct the jury as to the presumption of innocence, as explained in appellant's offered Instruction D, and thereby denied appellant due process of law by depriving him of his right to a fair trial."

At the trial appellant offered Instruction D on the presumption of innocence taken from Wyoming Pattern Jury Instructions Criminal, 2.401B, which reads:

"The law raises no presumption against the defendant but rather, the presumption of the law is in favor of his innocence. In order to convict the defendant of the crime charged, every material and necessary element to constitute such crime must be proved beyond a reasonable doubt and if the jury entertains a reasonable doubt on any single essential fact or necessary element, it is your duty to give the benefit of such doubt to defendant and acquit him. This presumption of innocence is not merely a matter of form which the jury may disregard at pleasure, but rather it is a part of the law of the land and it is a right guaranteed by that law to every person accused of crime. This presumption of innocence continues with the defendant through all the stages of the trial and until the case has been finally submitted to the jury and until the jury has found that this presumption has been overcome by the evidence in the case convincing you of his guilt beyond a reasonable doubt."

The trial judge refused to give appellant's proffered instruction, but gave Instruction No. 3 as follows:[1]

"The information in this case is only a formal charge and is not to be considered any evidence of guilt on the part of the defendant. Nothing is to be taken by implication against him; the law raises no presumption against him. Every presumption of law is in favor of his innocence, and in order to convict him of the crime charged against him, every fact necessary to constitute such crime must be proved by the state, to your satisfaction and beyond a reasonable doubt; and if you entertain a reasonable doubt upon any single fact or element necessary to constitute the crime, it is your duty to give the defendant the benefit of such doubt and find him not guilty."

Of course appellant does not assert that there was a total absence of an instruction on presumption of innocence, but contends that the instruction given obscured presumption of innocence because of emphasis on reasonable doubt. He further contends that the important concept of presumption of innocence should have been adequately emphasized so that the jury would focus on that principle.

The principle that there is a presumption of innocence in favor of an accused is fundamental law. The history of this presumption can be traced from Deuteronomy through Roman law, English Common Law, and the common law of the United States. *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1895).

In *Taylor v. Kentucky*, 436 U.S. 478, 485–486, 98 S.Ct. 1930, 1934–1935, 56 L.Ed.2d 468 (1978), the Court stated:

" * * * While use of the particular phrase 'presumption of innocence'—or any other form of words—may not be constitutionally mandated, the Due Process Clause of the Fourteenth Amendment must be held to safeguard 'against dilution of the principle that guilt is to be established by

1. In WPJIC, § 2.401A, p. 34, is an option note stating, "The differences between options, A, B, and C, are primarily matters of style." The three options set out in WPJIC are all referred to in headings and listings as addressing the "presumption of innocence and reasonable doubt."

probative evidence and beyond a reasonable doubt.' [*Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976).] * * * "

In numerous cases we have held that error cannot be predicted upon the court's failure to give an instruction that is legally correct if the same principle is adequately covered by other instructions given by the court. *In re Estate of Waters*, 629 P.2d 470 (1981); *Channel v. State*, Wyo., 592 P.2d 1145 (1979); *Jeffers v. Offe*, Wyo., 598 P.2d 450 (1979); *Repkie v. State*, Wyo., 583 P.2d 1272 (1978); *Benson v. State*, Wyo., 571 P.2d 595 (1977); *State v. Holm*, 67 Wyo. 360, 224 P.2d 500 (1950); *State v. Goettina*, 61 Wyo. 420, 158 P.2d 865 (1945); *Branson v. Roelofs*, Wyo., 52 Wyo. 101, 70 P.2d 589 (1937). See also *Thayer v. United States*, 168 F.2d 247 (10th Cir. 1948); and *State v. Morse*, 127 Ariz. 25, 617 P.2d 1141 (1980).

■ In the case at bar the jury was in fact instructed on the presumption of innocence in contrast to cases cited by appellant in support of his position. A veiled suggestion throughout appellant's entire argument is that there should have been a separate instruction on each reasonable doubt and presumption of innocence, apparently the theory being that if two separate instructions are not given one legal principle tends to obscure the other. Appellant cites no cases in support of the theory that two principles of law cannot be explained in a single instruction. In addition, we are not aware of any authority to that effect, nor do we know of any compelling reason why this should be done. In Instruction No. 2 the court said:

" * * * You are not to single out any certain sentence, or any individual point or instruction, and ignore the others, but you are to consider all the instructions as a whole, and to regard each in the light of all the others. * * * "

We must assume that the jury followed the court's instruction and did not ignore that portion of Instruction No. 3 that instructed on the presumption of innocence.

Authorities cited by appellant are not applicable to this case. In each of these cases no instruction on presumption of innocence was given and it was unsuccessfully argued that an instruction on reasonable doubt was sufficient to include the concept of presumption of innocence. In the case at bar the jury was instructed on the presumption of innocence.

Appellant relies principally on *Taylor v. Kentucky*, supra, 436 U.S. at 481, n. 7, 98 S.Ct. at 1932, for the proposition that failure to instruct on the presumption of innocence is error, where the trial court instructed:

" 'Number two, if upon the whole case you have a reasonable doubt as to the defendant's guilt you will find him not guilty. The term "reasonable doubt" as used in these instructions means a substantial doubt, a real doubt, in that you must ask yourself not whether a better case might have been proved but whether after hearing all the evidence you actually doubt that the defendant is guilty.' "

It is noted that the preceding instruction does not mention "presumption of innocence," nor do any other instructions given by the Kentucky Court. The Kentucky Court of Appeals affirmed the defendant's conviction in *Taylor v. Commonwealth*, Ky. App., 551 S.W.2d 813, 814 (1977),[2] holding:

" * * * [t]hat as long as the trial court instructs the jury on reasonable doubt an instruction on the presumption of innocence is not necessary. [Citations.] * * * "

The United States Supreme Court in reversing the Kentucky court held:

" * * * [O]n the facts of this case the trial court's refusal to give petitioner's requested instruction on the presumption of innocence resulted in a violation of his right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth

---

**2.** The Kentucky Supreme Court denied discretionary review, and the United States Supreme Court granted certiorari, 434 U.S. 964, 98 S.Ct. 502, 54 L.Ed.2d 449 (1977).

Amendment. \* \* \* " *Taylor v. Kentucky,* supra, 436 U.S., at 490, 98 S.Ct. at 1937.[3]

*Taylor v. Kentucky,* supra, can be distinguished from the case at bar by the single fact that in *Taylor* no instruction was given on the presumption of innocence; here it was.

 We hold, therefore, that the trial court adequately instructed the jury on the principle of presumption of innocence.[4]

Affirmed.

---

**3.** Facts referred to in *Taylor* that mandated the opinion were "spartan" instructions, the prosecutor's improper reference to the indictment and other remarks of dubious propriety, and that the evidence against the defendant was weak.

**4.** The United States Supreme Court grappled with the principle of presumption of innocence before *Coffin v. United States,* supra. In all its wisdom the high court has had difficulty articulating what it means, or perhaps lower courts have difficulty understanding. Subsequent to *Taylor v. Kentucky,* supra, the United States Supreme Court decided *Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1980). In that case the Kentucky Supreme Court, relying on *Taylor,* reversed the trial court because of its refusal to instruct on presumption of innocence holding that such instruction was constitutionally required in all criminal trials. *Whorton v. Commonwealth,* Ky., 570 S.W.2d 627 (1978), reh. denied (1978). In *Whorton* the high court reversed the Kentucky Supreme Court and in an attempt to clarify what they thought they clarified in *Taylor,* said:

> "In short, the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under *Taylor,* such a failure must be evaluated in light of the totality of the circumstances including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors to determine whether the defendant received a constitutionally fair trial." *Kentucky v. Whorton,* supra, 441 U.S. at 790, 99 S.Ct. at 2090.

As a result of the latest Supreme Court pronouncement the question of whether to give an instruction on presumption of innocence is to be determined on a case by case basis.

Wyoming trial judges should not get caught up in sophisticated reasoning employed by other courts in order to determine when the failure to give a presumption of innocence instruction is violative of the Constitution. Give the instruction as you have always done, but you don't need to give it twice.