**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Timothy J. HOLMES, Defendant and Appellant.**

No. 13632.

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1982.

Decided Aug. 31, 1983.

John T. Elston, Pennington Co. Public Defender's Office, Rapid City, for defendant and appellant.

Richard Dale, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Chief Justice.

Appellant Timothy J. Holmes was convicted of receiving stolen property in violation of SDCL 22–30A–7. He appeals, alleging that the trial court erred in refusing his proposed jury instruction on presumption of innocence. We affirm.

■ At trial, appellant cross-examined the State's witnesses but did not testify or present evidence on his behalf. In settling the jury instructions, the trial court refused appellant's request to include South Dakota Pattern Jury Instruction 1–4 on presumption of innocence. It reads:

> It is a fundamental principle of our law that a person accused of a crime is presumed to be innocent, and this presumption follows the accused throughout every stage of the trial. So in this case the defendant is presumed to be innocent, and this presumption follows him through every stage of the prosecution and must continue and abide with you until you are satisfied from the evidence beyond a reasonable doubt that he is guilty.

Relying on *Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640, reh. den. 444 U.S. 887, 100 S.Ct. 186, 62 L.Ed.2d 121 (1979), the trial court determined that overwhelming evidence of guilt made such an instruction unsuitable. The court did, however, instruct the jury that the burden of proof rested upon the State to establish appellant's guilt beyond a reasonable doubt.

■ Despite the trial court's determination that there was overwhelming evidence of guilt, appellant maintains that SDCL 23A–22–3 entitled him as a matter of right to a jury instruction on presumption of innocence. SDCL 23A–22–3 provides: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted." While this statute sets out the presumption of innocence which accompanies each accused throughout a criminal proceeding, it does

not mandate that such an instruction be given in every case.* In addition, failure to give a requested instruction on presumption of innocence does not in and of itself violate the Constitution.

> ... [S]uch a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial.

*Kentucky v. Whorton,* 441 U.S. at 789, 99 S.Ct. at 2090, 60 L.Ed.2d at 643.

The jury received an instruction on reasonable doubt. Such instruction practically secured the benefit of the presumption of innocence to the defendant. *Kindle v. State,* 174 Ark. 1179, 297 S.W. 827 (1927); *see Cane v. Commonwealth,* 556 S.W.2d 902 (Ky.App.1977). This instruction, considered in conjunction with the instruction on the burden of proof and the trial court's determination that evidence of guilt was overwhelming, rendered an instruction on innocence not absolutely necessary. While our review of the record convinces us that the trial court was correct in its assessment that the evidence of guilt was overwhelming, we believe, however, that it is better practice for the instruction to be routinely given in every criminal case. "[T]rial judges should not get caught up in sophisticated reasoning employed by other courts in order to determine when the failure to give a presumption of innocence instruction is violative of the Constitution. Give the instruction as you have always done...."

---

* Indeed, in *City of Sioux Falls v. Wolf,* 79 S.D. 519, 114 N.W.2d 100 (1962), where the trial court refused a similar instruction under SDCL 23–44–5, the predecessor of SDCL 23A–22–3, we said,

> Defendant contends that the instructions given the jury did not make clear that the presumption of innocence attends an accused throughout the progress of the trial. The jury was told that at the outset of the trial the defendant was presumed to be innocent and that he was not required to put in any evidence of his innocence. *An examination

*Slaughter v. State,* 630 P.2d 517, 520 (Wyo. 1981).

The judgment is affirmed.

DUNN and MORGAN, JJ., concur.

WOLLMAN, J., concurs specially.

HENDERSON, J., dissents.

WOLLMAN, Justice (concurring specially).

I agree with Justice Henderson that the requested instruction should have been given. In view of the overwhelming evidence of defendant's guilt, however, the failure to give the instruction was harmless error.

HENDERSON, Justice (dissenting).

I dissent. As a general rule, trial courts should avoid applying an appellate analysis to a requested instruction on the presumption of innocence. In particular, this trial court's actions amounted to reversible error.

This case fails to fall neatly within the ambit of *Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640, because appellant has cast his cause in a statutory mold rather than in a constitutional form as was the focus of *Whorton.* As the United States Supreme Court has so recently proclaimed: "It is elementary that states are free to provide greater protections in their criminal justice system than the Federal Constitution requires." *California v. Ramos,* —— U.S. ——, 103 S.Ct. 3446, 76 L.Ed.2d —— (1983). The majority opinion fastens itself onto a federal constitutional premise. Appellant steadfastly maintains his statutory rights were violated. The majority opinion's position is refuted by *State v. Opper-*

> of the record shows that the jury was also instructed on burden of proof and reasonable doubt. In view of the entire charge, it was not necessary that this instruction should have been given. Jurors competent to sit upon a trial would know that the presumption of innocence continued with defendant from the beginning to the end of the trial. 79 S.D. at 520, 114 N.W.2d at 101. (Emphasis supplied) In the case at bar, the record does not clearly show whether the jury was told at the outset about the presumption.

*man,* 247 N.W.2d 673, 674 (S.D.1976), for, indeed:

There can be no doubt that this court has the power to provide an individual with greater protection under the state constitution than does the United States Supreme Court under the federal constitution. *Oregon v. Hass,* 1975, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570. This court is the final authority on interpretation and enforcement of the South Dakota Constitution. We have always assumed the independent nature of our state constitution regardless of any similarity between the language of that document and the federal constitution. (Footnotes omitted.)

However, I emphasize again that appellant based his appeal upon a violation of state statute. SDCL 23A–22–3 provides: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted." Since SDCL 23A–22–3 is an integral part of the criminal law in South Dakota, a trial court would be remiss to choose not to inform a jury of the presumption of innocence when a proposed instruction provides an opportunity.

*Wolf,* 114 N.W.2d 100, 101, as relied upon by the majority opinion, is distinguishable from the case at bar* because the trial court in *Wolf* informed the jury "at the outset of the trial the defendant was presumed to be innocent and that he was not required to put in any evidence of his innocence." The trial court herein failed to *ever* inform the jury of appellant's SDCL 23A–22–3 presumption of innocence. In *People v. French,* 5 Ill.App.3d 908, 909, 284 N.E.2d 481, 482 (1972), the Illinois Appellate Court held:

If, as here, the defense counsel does not offer this instruction, it should be tendered by the prosecution, or the court should give it on its own motion. We do not reach the question of whether or not

it is reversible error to fail to give this instruction in any case. Under the facts in this case, where the presumption of innocence was not mentioned in any instruction or in argument to the jury, the failure to give this instruction amounted to either a denial of due process or inadequate representation, and requires reversal.

In a post-*Whorton* decision, *People v. Carpenter,* 57 Ill.Dec. 303, 101 Ill.App.3d 792, 428 N.E.2d 983 (1981), the Appellate Court of Illinois explained why failure to instruct on the presumption of innocence is reversible error:

Failure to instruct the jury on the presumption of innocence in its most pernicious aspect amounts to a manipulation of fundamental legal principles to achieve results apparently favorable to the State but at the expense of basic protections guaranteed the accused. (*See Estelle v. Williams* (1976), 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126.) When that principle is not impressed upon the minds of the jurors, the trial could become a mere formality in which the jury presumes guilt and its function would thus deteriorate into one simply ratifying the criminal investigation. Although it is established that the presumption of innocence is not evidence favoring the accused (*Taylor v. Kentucky* [436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468]), it remains a vital principle of legal rhetoric which serves to inform the jury not to automatically agree with the prosecution. Its purpose also is to afford fair and evenhanded treatment to all persons accused of criminal offenses, so that guilt or innocence is based exclusively on evidence adduced at trial.

*Carpenter,* 57 Ill.Dec. at 305, 428 N.E.2d at 985. Moreover, other post-*Whorton* decisions have held that the trial court must instruct the jury on the presumption of innocence. *See State v. Cabral,* 410 A.2d 438 (R.I.1980); *People v. Mullen,* 35 Ill.Dec.

---

* Likewise, *Slaughter,* 630 P.2d 517, is distinguishable because an instruction on the presumption of innocence was given therein.

573, 80 Ill.App.3d 369, 399 N.E.2d 639 (1980); *State v. Goff,* 272 S.E.2d 457 (W.Va. 1980).

Particularly objectionable in the case at bar was the trial court's determination "that overwhelming evidence of guilt made such an instruction unsuitable." In the trial court's mind, perhaps this was true. But there was cross-examination of the State's witnesses and was it overwhelming in the minds of the jury members? In a jury trial, the jury is the trier of fact, not the trial court. The trial court usurped the role of the jury and in so doing neglected its statutory duty to properly instruct the jury on this state's criminal law. The trial court was both the judge and the jury. Appellant's statutory rights suffered under the trial court's dual role. The presumption of innocence throughout the trial is historic: "The history of this presumption can be traced from Deuteronomy through Roman law, English Common Law, and the common law of the United States. *Coffin v. United States,* 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1895)." *Slaughter,* 630 P.2d at 518. Casting aside a fundamental right, inherent in this Nation's system of justice, does not come easy for me. That the accused is presumed not to be innocent was and is found in fascist and tyrannical cultures led by Adolf Hitler, Joseph Stalin, Ho Chi Minh, and Ayatollah Khomeini. I highly question that the patriots of the American Revolution or the men who died on Omaha Beach or Heartbreak Ridge would favor a fluid approach to the presumption of innocence, a right so basic to the American way of life.

I would reverse and remand for a new trial wherein the trial court would be directed as the majority opinion would have it: "Give the instruction as you have always done . . . ."