**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Roger James HOLMES, Defendant and Appellant.**

**No. 16849.**

Supreme Court of South Dakota.

Considered on Briefs May 24, 1990.

Decided Dec. 19, 1990.

Rehearing Denied Jan. 24, 1991.

Gary R. Campbell, Asst. Atty. Gen., Roger A. Tellinghuisen, Atty. Gen., on the brief, Pierre, for plaintiff and appellee.

Richard L. Johnson, Sioux Falls, for defendant and appellant.

MILLER, Chief Justice.

A jury convicted Roger James Holmes (Holmes) on three separate criminal charges: driving while under the influence, possession of marijuana, and possession of a loaded firearm while intoxicated. We affirm.

DECISION

■ At trial, the presumption of innocence instruction was not given to the jury.[1] After the jury had returned its verdict, the trial judge realized this omission and noted that the presumption instruction had been "inadvertently omitted" from the instructions given to the jury. Although

1. S.D. Pattern Jury Instruction (Criminal) 1–4–1 reads:

It is a fundamental principle of our law that a defendant in a criminal case is presumed to be innocent. This presumption follows the defendant throughout the trial and must continue unless you are satisfied from all the evidence beyond a reasonable doubt that he is guilty.

admitting the error, the trial judge concluded that it had no effect on the jury's verdict. Similarly, on appeal, state argues that under SDCL 23A–44–14 (harmless error), and given the overwhelming evidence against Holmes, the jury's verdict would have been no different had the proper instruction been given. The trial judge's position is similar to this Court's analysis in the recent case, *State v. [Timothy J.] Holmes*, 338 N.W.2d 104 (S.D.1983) (*[Timothy J.] Holmes*), where we held that SDCL 23A–22–3 articulated the presumption of innocence, but did not mandate that a presumption instruction be given in every case.

■ Since our issuance of the *[Timothy J.] Holmes* decision, the legislature enacted SDCL 23A–25–3.1, which states: "In each criminal case, the judge shall instruct the jury that the defendant is presumed innocent." The language of SDCL 23A–25–3.1 is mandatory. *See Matter of Groseth Intern., Inc.*, 442 N.W.2d 229 (S.D.1989). Thus, South Dakota law now mandates that the presumption instruction be given in all criminal cases.

However, failure to give the presumption instruction, albeit mandated, does not automatically result in an unfair trial. A finding of harmless error may still assuage the failure to give the presumption instruction. As the United States Supreme Court has stated and this Court has adopted:

> [T]he failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under *Taylor [v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978) ], such a failure must be evaluated in light of the totality of the circumstances—including all of the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial. *Kentucky v. Whorton*, 441 U.S. 786, 789, 99 S.Ct. 2088, 2090, 60 L.Ed.2d 640, 643 (1979).

In the present case, the judge gave the jury numerous instructions, including the following:

> An Indictment is the statutory method of accusing a defendant of a crime. It is not evidence and does not create any presumption or permit you to form any inference of guilt.
>
> The burden of proof rests upon the State throughout the trial to prove every material element of the offense charged beyond a reasonable doubt. The burden of proof never shifts to the defendant. A preponderance of the evidence is insufficient. In case of a reasonable doubt as to whether the defendant's guilt is shown by the evidence, he is entitled to be acquitted.

Despite the failure to instruct the jury on the presumption of innocence, the trial judge, after evaluating the situation in light of the totality of the circumstances, determined that the defendant received a constitutionally fair trial.[2] Our review of the record indicates that the trial judge did not err in concluding that Holmes received a constitutionally fair trial. We affirm.

WUEST and MORGAN, JJ., concur.

HENDERSON and SABERS, JJ., dissent.

HENDERSON, Justice (dissenting).

I respectfully dissent.

After our previous *[Timothy J.] Holmes* decision, cite below, a decision which was

---

**2.** The trial judge stated:
[I've] concluded that the omission was not fatal and would not have affected the result had it [been] given. This was in part based on the fact that the presumption of innocence was discussed at length during the voir dire examination of the jurors as well as being clearly understood by the jurors during the trial.... There's no doubt that I've erred in not giving the presumption of innocence instruction and could require the matter to be retried; however, I'm firmly convinced that the omission had no affect on the jury's verdict and that the verdicts which they returned would be the same on retrial, and for the reasons indicated, I'm not going to require a retrial nor would I grant a motion for new trial and intend to proceed with the disposition of this case on the basis of the convictions reached....

covered heavily by the press of South Dakota, and a decision which produced an outcry by the people of this state, the State Legislature responded to the [Timothy J.] Holmes decision and, seemingly, passed a new statute to insure that the presumption of innocence statute could not be avoided by trial judges. Even though the people's representatives, through a system of representative government, saw fit to immediately repudiate this Court's 1983 holding after the [Timothy J.] Holmes decision was rendered, this Court is again squatting down on its previous decision. It is the function of this Court to interpret the laws which are passed and not to overrule laws which are enacted. A judge should not bend the law to his will. And, in my opinion, that is exactly what we are doing: We are totally disregarding legislative intent and bending the law to our will. As stated in State v. Galati, 365 N.W.2d 575 (S.D. 1985):

> Statutory analysis begins with the language of the statute and absent a clearly expressed legislative intent to the contrary that language must ordinarily be considered conclusive.... Courts may not interpret or construe a statute in a manner inconsistent with the plain language employed by the legislature.... Judicial interpretation of a statute that failed to acknowledge its plain language *would amount to judicial supervision of the legislature.* 365 N.W.2d, at 577. (emphasis supplied mine).

We Americans have always had a vision of an equality which stems from our value of individual self-worth, our mentality stemming from the early frontier era and our belief that each person has an opportunity to succeed and also be equal in the eyes of the law. As individuals, we might not be equal in ability but we are always equal in the eyes of God and in the eyes of the law. We should all be presumed innocent by a jury of our peers. We are, really, eighteenth century idealists, schooled in a belief of human perfectibility, that people are by nature good. Not bad. But good.

Hence, we presume innocence (good) of our Brothers, not bad. In my dissent in the 1983 [Timothy J.] Holmes case, which dissent was heeded by our State Legislature, I quoted an old 1895 case which is worth mentioning again, concerning the presumption of innocence, that "The history of this presumption can be traced from Deuteronomy through Roman law, English Common Law and the common law of the United States." Coffin v. United States, 156 U.S. 432, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1895); Slaughter v. State, 630 P.2d 517 (Wyo. 1981). Biblical is its root.

SDCL 23A–25–3.1 provides: "In each criminal case, the judge shall instruct the jury that the defendant is presumed innocent." As I previously stated, this section of our code was enacted shortly after this Court's decision in State v. Holmes, 338 N.W.2d 104 (S.D.1983) (Henderson, J., dissenting). In [Timothy J.] Holmes, I stated that the failure of the trial court to give a presumption of innocence instruction was error.* I further stated that our presumption of innocence instruction is an integral part of the criminal law in South Dakota and that a trial court would be remiss to choose not to inform a jury of the presumption of innocence when a proposed instruction provides an opportunity. I steadfastly adhere to this position.

Obviously, the legislature did not agree with this Court's approach in the [Timothy J.] Holmes case because they adopted a statute which forces the court to charge the jury on the presumption of innocence in all criminal cases.

Although the majority opinion makes a good constitutional argument based on Kentucky v. Whorton, 441 U.S. 786, 789, 99 S.Ct. 2088, 2090, 60 L.Ed.2d 640, 643 (1978), it seems to forget that a constitutional argument by this Court (judge-made law) was also raised in [Timothy J.] Holmes and the Legislature chose to reject it. As the majority opinion states: *"The language of SDCL 23A–25–3.1 is manda-*

---

* SDCL 23A–22–3 provides:

A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted.

tory." Notwithstanding this statement, the majority, in effect, reverses itself holding that, although it is mandatory, a trial judge can still be sustained in a ruling if he fails to give it. The operative verb in SDCL 23A-25-3.1 is "shall." In *Matter of Groseth Intern., Inc.*, 442 N.W.2d 229 (S.D.1989). In *Groseth*, we stated that the word "shall" is given an obligatory or mandatory meaning. *See Person v. Peterson*, 296 N.W.2d 537 (S.D.1980); *Tubbs v. Linn*, 75 S.D. 566, 70 N.W.2d 372 (1955); 2A Sutherland Stat. Const. § 57.03 at 643–44 (4th ed. 1984); Sutton, Use of "Shall" in Statutes, 4 J. Marshall L.Q. 204 (1938), reprinted in 1A Sutherland Stat. Const. 691 (4th ed. 1985). The clear, unambiguous language of the statute in question, therefore, insists that the trial court give the presumption of innocence instruction to the jury. This Court presumes that the words of a statute have been used to convey their plain, ordinary meaning. *Appeal of AT & T Information Systems*, 405 N.W.2d 24 (S.D.1987).

Although the majority opinion invoked the harmless error doctrine to reach its result, I believe further error continues to exist by not instructing future courts to give the presumption of innocence instruction as mandated by the Legislature. We do not want our courts to think that harmless error can be used on a regular basis to clean up after the trial court fails to follow our enacted law.

SDCL 23A-25-3.1 is akin to any other procedural statute in the South Dakota Codified Laws. Clearly, the Legislature intended to reverse our prior case law by adopting SDCL 23A-25-3.1. Because the trial court did not satisfy the requirements of SDCL 23A-25-3.1, Holmes' conviction should be reversed and remanded to the trial court.

As mentioned earlier, it is apparent to this author that the majority opinion is grounded in the "harmless error" rule. In my opinion, it will not academically wash. My position, other than recited above, is that SDCL 23A-44-14 (the harmless error statute) *is general in nature.* SDCL 23A-25-3.1, the statute in question, *was enacted subsequent to the harmless error statute.*

We must assume that the State Legislature had the harmless error statute in mind when it decided to enact the mandatory language of the presumption statute. Suppose we have a general statute and a specific statute on the same subject. Which statute governs? In *Meyerink v. Northwestern Public Service Co.*, 391 N.W.2d 180, 184 (S.D.1986), we held that the terms of the statute relating *to the particular subject* will prevail over *general terms* in another statute. We also held, which is historic in this Court, that the more recent enactment is controlling. *In re Estate of Smith*, 401 N.W.2d 736, 740 (S.D.1987). In *Smith*, at 740, we held that this Court must assume that when enacting legislation the Legislature had in mind previously enacted statutes relating to the subject matter.

Were I to conceptually join the platform upon which the majority now stands and weighs this conceded error by the trial judge, which I do not have to reflect upon, I would still reverse this case because of our holding in *State v. Opperman*, 247 N.W.2d 673, 674 (S.D.1976) for the reason contained therein that this Court has the power to provide an individual with greater protection under the State Constitution than does the United States Supreme Court under the Federal Constitution. *See, also, Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975).

Wouldn't this be a hell of a country if, in all 50 states, a trial became a mere formality in which the jury could presume guilt and its function would deteriorate into a body which simply rubber stamped a criminal investigation? If we eliminate the presumption of innocence statute, the core of freedom implicit in jury trials—will fade away for trial judges, faced with their perception of the evidence as being an overwhelming case, will say "I shall not give the statutory presumption of innocence."

SABERS, Justice (dissenting).

I join Justice Henderson's dissent for the reasons contained therein.