## Bloomington & Normal Ry. v. Mary Gabbert.

1.  AFFIDAVIT FOR CONTINUANCE—*when instruction as to, should be given.*  Where, upon a motion for a continuance, an affidavit as to the testimony which would be given by the absent witnesses is admitted, it is error to refuse to instruct the jury that the testimony of such witnesses, as contained in such affidavit, should be accorded the same credit

as would be given the oral testimony of such witnesses if personally present and testifying. (Hunt v. Seymour, 147 Ill. 618, followed.)

2. INSTRUCTION—*what not the equivalent of.* An oral statement of the judge, made during the progress of a trial, is not the equivalent of an instruction, and does not cure an error in refusing a proper instruction predicated upon such oral statement.

3. INSTRUCTIONS—*accuracy of.* Where there is a sharp conflict in the evidence, the instructions should be full and accurate.

Action on the case for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed October 12, 1903.

A. E. DeMANGE and BARRY & MORRISSEY, for appellant.

LIVINGSTON & BACH and WELTY & STERLING, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by appellee to recover damages for personal injuries claimed to have been caused by the alleged negligence of appellant's servants in operating a street car on which she was a passenger. The plaintiff recovered judgment for $4,000, from which the defendant appeals.

Various errors are assigned for reversal, of which we deem it necessary to consider but one. Before the trial the defendant made a motion for a continuance, supported by affidavit, showing the absence of three material witnesses, namely, Harry Astor, Mrs. Harry Astor and Clayton Baumgardner. The affidavit in support of the motion set out what each of these witnesses would testify to. Counsel for plaintiff admitted that if the absent witnesses were present, they would testify as alleged in the affidavit, and the motion was thereupon overruled. On the trial and in the presence of the jury, counsel for plaintiff, when the testimony of these witnesses was about to be read from the affidavit, repeatedly urged that it was not the testimony or depositions of the witnesses, but that it was simply read from an affidavit for continuance.

The plaintiff sought to recover under her original declaration upon the theory that when the street car upon which

she was a passenger had stopped to allow passengers to alight, without giving her time to do so, it was suddenly started with a jerk, which threw her off the car; and under the additional counts thereto, that while she was preparing to alight the car suddenly came to a stop and there was a sudden jerk by which she was thrown off the car. The evidence as to whether the car was at any time jerked, and as to whether she stepped or was thrown therefrom, was exceedingly close and conflicting. The testimony of five witnesses offered by the plaintiff, including her husband and herself, tended to sustain her contention, while the testimony of seven witnesses, two of them being employes of the defendant, tended to prove that there was no jerk of the car at any time, but that plaintiff stepped off the car before it had stopped, and fell to the ground.

The facts to which the affidavit for continuance stated the absent witnesses would testify, tended strongly to prove that they were passengers on the car with plaintiff at the time of the accident; that she stepped off the car before it had stopped, and thereby fell to the ground, and that the car was at no time jerked.

The defendant offered and the court refused to give the following instruction :

" It is your duty under the law to consider the written testimony of the witnesses, Harry Astor, Mrs. Harry Astor and Clayton Baumgardner and give to it the same weight in making up your verdict as if those witnesses had been present in person and testified orally in your hearing."

No other instruction was given upon the question.

In Hunt v. Seymour, 147 Ill. 618, it was held that by an admission to avoid a continuance, the other party is entitled to have the testimony of the absent witness received and weighed precisely as though he had appeared as a witness and had sworn to the facts stated in the affidavit. The instruction is not subject to the objection urged by appellee, that it singles out and gives undue prominence to the evidence of the witnesses named therein. It does not call attention to any fact in the case, its sole object being

to inform the jury that the statements in the affidavit as to what the absent witnesses would testify to, under the law, should be considered in the same manner as if the witnesses themselves had been present and testified in the case.    R. R. Co. v. Dougherty, 170 Ill. 382.

The oral statement by the court when the question was raised during the trial was not tantamount to an instruction.    It was but an intimation that an instruction such as was offered would be given to the jury if presented in writing at the proper time.

In view of the sharp conflict in the evidence it was highly important that the jury should have been fully and accurately instructed.

The instruction referred to, stated the law correctly and its refusal was prejudicial error.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*