THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE FRENCH *et al.*, Defendants-Appellants.

(No. 72-15;

Fifth District—June 6, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellants.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Each defendant was indicted for burglary and theft (over $150) of the property of an East St. Louis Corporation. The evidence indicates that among the items taken were a water heater and a dolly. The two defendants were arrested as they were pushing a water heater and a dolly up the street in middle of the 1800 block of Belmont, East St. Louis at 3:30 A.M. on the morning of December 5, 1970. After a jury trial, each defendant was found guilty of burglary and theft (under $150). Daniels received three years probation and French was sentenced to the penitentiary from two to three years.

■■ On appeal the defendants assert *inter alia* that a jury verdict cannot stand where the jury was not given an instruction on the "Presumption of innocence and reasonable doubt". It appears from a review of the record that defense counsel did not submit any instructions. In most cases if the party's attorney does not offer an instruction it is deemed waived, however, this situation differs. The instruction in question is IPI instruction 2.03 on the Presumption of Innocence and Reasonable Doubt. The Committee Note explaining the use of IPI instruction 2.03 states:

"The firm commitment to presumed innocence which can be overcome only by proof beyond a reasonable doubt is the touchstone of American criminal jurisprudence. This instruction *must* be given in *all* cases." (Emphasis from IPI.)

■■ If, as here, the defense counsel does not offer this instruction, it should be tendered by the prosecution, or the court should give it on its own motion. We do not reach the question of whether or not it is reversible error to fail to give this instruction in any case. Under the facts in this case, where the presumption of innocence was not mentioned in any instruction or in argument to the jury, the failure to give this instruction amounted to either a denial of due process or inadequate representation, and requires reversal.

■■ The jury verdict finding defendants guilty of theft (under $150) constituted an acquittal of the charge of theft (over $150). The case is remanded to the Circuit Court of St. Clair County with directions to grant the defendants a new trial on the charges of burglary and theft (under $150). This being the decision, it is not necessary to reach the other issues presented on appeal.

Reversed and remanded.

G. MORAN, P. J., and EBERSPACHER, J., concur.