The People of the State of Illinois, Plaintiff-Appellee, v. Bernard Donald, Defendant-Appellant.

(No. 59239;

First District (5th Division)—July 12, 1974.

David C. Thomas, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

A jury found defendant guilty of the murder and armed robbery of Cornelius Lewis and not guilty of the murder of Eugene Talbert, and he was sentenced to a term of not less than 14 nor more than 25 years. A number of issues are presented on appeal, but it will be necessary only to consider the contention of defendant that the trial court erred in not giving Illinois Pattern Jury Instruction-Criminal No. 2.03 (IPI 2.03), instructing the jury as to defendant's presumption of innocence and the State's burden of proof.

It appears that at the instruction conference, defendant's attorney tendered only two instructions, both of which were refused by the court because they were covered by the State's given instructions. No instruction was submitted by either party or given by the court concerning the presumption of defendant's innocence. Subsequently, after the jury had retired to deliberate, a request by defendant's attorney that IPI 2.03 be given to the jury was refused. The propriety of the failure to give this instruction was raised in defendant's post-trial motion, which was denied.

OPINION

Defendant contends that, although his attorney did not submit IPI 2.03, it should have been tendered by the State or given, sua sponte, by the court. The instruction reads as follows:

"[The] [Each] defendant is presumed to be innocent of the charge[s] against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State

throughout the case. The defendant is not required to prove his innocence."

The State maintains the jury was fully informed of the State's burden of proof and defendant's presumption of innocence. In support thereof, it points out that (1) in his opening statement, defendant's attorney stated, "Bernard Donald need not prove his innocence, but that the State must prove him guilty beyond a reasonable doubt"; (2) in his closing argument, defendant's attorney said, "When the jury was being selected you all agreed that you would require proof beyond a reasonable doubt from the State"; (3) in its closing argument, the prosecutor said, "It is true it is the State's burden to prove the defendant guilty beyond a reasonable doubt"; (4) that IPI-Criminal No. 7.02 was given, as follows:

"If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty";

and (5) that IPI-Criminal No. 14.02 was given, as follows:

"If you believe from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty."

■■ There is a line of cases holding that no error results from the failure to give a certain instruction where the jury was adequately informed of its subject matter by other given instructions. Notable are: *People v. Jones*, 6 Ill.App.3d 669, 286 N.E.2d 87, *People v. Meeks*, 11 Ill.App.3d 973, 297 N.E.2d 705, and *People v. Stringer*, 52 Ill.2d 564, 289 N.E.2d 631. In *Jones*, at page 683, the court stated:

"While it might have been better for the court to have instructed more specifically on the elements of the offenses charged, we do not find that the failure of the trial court so to instruct was prejudicial error. 'Where the instructions, as a whole, inform the jury of the facts which are essential to the proof of the commission of a specific crime, an error in giving an instruction will not be considered so prejudicial as to warrant a reversal.' *People v. Hyde* (1971), 1 Ill.App.3d 831, 275 N.E.2d 239."

In *Meeks,* where it was contended that IPI 25.05 should have been given by the court, sua sponte, the court disagreed, stating at page 980:

"The defendant contends that the jury should have been instructed in conformance with IPI-Criminal No. 25.05, which provides that the State is required to prove that the defendant was not justified in using the force which he did use. The defendant did submit, and the court gave, other pattern instructions, including IPI-Criminal No. 24.06, which is couched in the language of the statute and succinctly states the law of self-defense."

In *Stringer,* where defendant contended it was error to refuse a requested instruction on his theory of the case, *i.e.,* erroneous identification, the court stated at page 570:

"It is our opinion, however, that the jury was otherwise adequately instructed on the subject matter of the refused instruction and therefore error did not occur."

Thus, it is argued by the State that no error resulted from the failure to give IPI 2.03, because the jury was adequately informed as to the presumption of innocence and the State's burden to prove defendant guilty beyond a reasonable doubt from the statements and arguments of counsel and IPI Instructions 7.02 and 14.02.

We do not agree. Initially, we believe it significant that in the committee note to IPI 2.03, it is stated:

"The firm commitment to presumed innocence which can be overcome only by proof beyond a reasonable doubt is the touchstone of American criminal jurisprudence. This instruction *must* be given in *all* cases." (Emphasis by Committee.)

We note also that IPI 2.03 is explicit and concise, and we find it difficult to believe that the statements and arguments of counsel, referred to by the State above, would have the same impact on the jurors as would the instruction. Moreover, in this regard, the record discloses the following admonishments of the court to the jury:

"Neither opening statements or closing arguments are evidence and any statement or argument made by the attorneys which is not based on the evidence should be disregarded.

\* \* \*

[I] will now instruct you as to the law. The law applicable to this case is as stated in these instructions \* \* \*."

These comments emphasize the importance of instructions and stress the fact that the law to be applied was contained in them rather than in the statement or arguments of counsel. Furthermore, *People v. Stringer, supra,* the only case cited by the State in support of its position, is not

controlling here. The refusal of an instruction in *Stringer* was upheld on the ground that other instructions covered the subject matter of the refused instruction. In the instant case, IPI 7.02 and 14.02 and the other given instructions were silent as to certain essential elements of IPI 2.03; namely, that defendant is presumed innocent, that the presumption remains with him throughout the case, that the burden of proving the guilt of defendant beyond a reasonable doubt remains on the State throughout the case, and that defendant is not required to prove his innocence.

The only Illinois case referred to in the briefs or that we have been able to find which has previously considered the failure to give IPI 2.03 is *People v. French*, 5 Ill.App.3d 908, 284 N.E.2d 481. There, defense counsel submitted no instructions and the court held that IPI 2.03 should have been given, stating at page 909:

> "If, as here, the defense counsel does not offer this instruction [IPI 2.03], it should be tendered by the prosecution, or the court should give it on its own motion. We do not reach the question of whether or not it is reversible error to fail to give this instruction in any case. Under the facts in this case, where the presumption of innocence was not mentioned in any instruction or in argument to the jury, the failure to give this instruction amounted to either a denial of due process or inadequate representation, and requires reversal."

■■ Here, as we have stated before, the trial court's comments to the jury nullified the effect of statements made by the attorneys and, because the presumption of innocence was not mentioned in any given instruction, we believe the failure to give IPI 2.03 was a denial of defendant's right to a fair trial and, in the light of the reasoning of the court in *People v. French, supra,* and the comment of the IPI committee that the instruction must be given in all cases, we are of the opinion that when IPI 2.03 was not tendered by counsel, it should have been given, sua sponte, by the court. We conclude that the failure to do so here is prejudicial error.

The State also argues that defendant may not raise on appeal the failure to give IPI 2.03 because it was not tendered at trial. It cites as authority for this rule *People v. Springs*, 51 Ill.2d 418, 283 N.E.2d 225, where the Illinois Supreme Court stated, at page 425:

> " 'No party may raise on appeal the failure to give an instruction unless he shall have tendered it.' * * * * '* * * the court is under no duty to give instructions not requested by counsel.' "

We note, however, that in *Springs* the instruction not tendered or given concerned the necessity of force and the exercise of resistance in a rape case. It appears, however, that the essential elements of this instruction were covered in other instructions and that the failure to give it did not

deprive defendant there of due process or a fair trial. We believe that the reasoning of the court in *People v. Davis,* 74 Ill.App.2d 450, 221 N.E. 2d 63, is more controlling of the facts here. In *Davis,* defendant was charged with attempt to commit robbery and although the jury was instructed as to the statutory definition of attempt, it was not instructed as to the specific offense charged or its essential elements, and the term "robbery" was never mentioned in any other instruction. The *Davis* court held that it was the responsibility of the State as well as the defense to tender and the trial court to give an instruction on the essential elements of robbery, stating at page 454:

> "[W]e consider this type of instruction so vital to the veriest function of a jury that it must be the court's responsibility to make sure that such a one is given, directing its preparation, if necessary. The absence of such a fundamental instruction in the instant case produces a situation where the deficiency in the totality of the jury's instruction is so great as to require a review by this court in the interest of fair trial or the proper administration of justice, even though there was no prior objection or assignment of error."

■■ Here, we are of the opinion that the essential elements of IPI 2.03, pointed out above, which were not covered in other instructions, were crucial to defendant's right to a fair trial. Under the reasoning of *Davis,* their absence prevents the operation of the rule of waiver, as expressed in *People v. Springs, supra,* and requires a new trial in the interest of justice, even though the instruction was not tendered by defendant.

The judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.

BARRETT and DRUCKER, JJ., concur.