THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LORENZO CARPENTER, Defendant-Appellant.

First District (5th Division)    No. 80-2038

Opinion filed November 6, 1981.

Ralph Ruebner and Michael J. Pelletier, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, George M. Velcich, and Gregory J. Ellis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from his convictions of attempt murder and armed robbery and his sentence of 50 to 100 years "to run concurrently with each other." A number of issues are raised on appeal, but we find it necessary to consider only whether Illinois Pattern Jury Instruction, Criminal, No. 2.03 (1968)(hereinafter IPI Criminal) concerning the presumption of innocence and burden of proof should have been given *sua sponte* by the trial court.

Defendant was indicted for the attempt murder, armed robbery, and aggravated battery of Ronald DeLott, who testified that during a robbery of the store in which he was employed he was shot by defendant. Three other store employees gave substantially the same testimony as DeLott. Defendant, who appeared pro se, did not testify and presented no defense other than to recall two of the State's witnesses who recounted their earlier testimony.

Defendant submitted no instructions, and the court gave none concerning the presumption of innocence. Issue instructions on aggravated battery (IPI Criminal No. 11.10) and on armed robbery (IPI Criminal No. 14.02) were given, and in each the jury was told that if they found certain propositions set forth therein had been proved beyond a reasonable doubt, they should find defendant guilty. No such issue instruction, however, was given for attempt murder. The jury found defendant guilty of all three charges, following which a motion of the State to nolle pros the

indictment for aggravated battery[1] was granted and defendant then was sentenced as to attempt murder and armed robbery. A post-trial motion for a new trial was denied, and this appeal followed.

OPINION

■■ The presumption-of-innocence instruction (IPI Criminal No. 2.03) is as follows:

> "The defendant is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.
>
> The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence."

Although this instruction was not given, the State argues that the jury was sufficiently informed of its content because (a) the trial court explained it in substance during the voir dire examination; (b) the instructions as to aggravated battery and armed robbery required that guilt be proved beyond a reasonable doubt; and (c) the prosecutor told the jury in closing argument that defendant was presumed innocent. The record discloses that the trial court made a preliminary statement to the array of jurors prior to their questioning in which they were informed that defendant was presumed to be innocent and that the State was required to prove his guilt beyond a reasonable doubt. Thereafter, the trial court mentioned the presumption of innocence during its questioning of 2 of the 17 jurors interrogated, and it appears that the prosecutor at one point in his closing argument informed the jury that there was a presumption of innocence. It is our view, however, that under existing law and in light of the circumstances presented here, the failure to give IPI Criminal No. 2.03, *sua sponte*, effectively denied defendant the full range of protections afforded thereby.

In *Kentucky v. Whorton* (1979), 441 U.S. 786, 60 L. Ed. 2d 640, 99 S. Ct. 2088, it was held that in the determination of whether the trial court's failure to give a presumption of innocence instruction was reversible error, there must be a consideration of all the facts and circumstances at trial. The court stated:

> "While this Court in *Taylor* [*Taylor v. Kentucky* (1978), 436 U.S. 478, 56 L. Ed. 2d 468, 98 S. Ct. 1930] reversed a conviction resulting

---

[1] Although the report of proceedings indicates a nolle pros of the armed robbery indictment, from the record it appears to have been the aggravated battery indictment and it is so treated by the parties in their briefs.

from a trial in which the judge had refused to give a requested instruction on the presumption of innocence, the Court did not there fashion a new rule of constitutional law requiring that such an instruction be given in every criminal case. Rather, the Court's opinion focused on the failure to give the instruction as it related to the overall fairness of the trial considered in its entirety.

\* \* \*

[T]he failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under *Taylor*, such a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial." (441 U.S. 786, 788-89, 60 L. Ed. 2d 640, 643, 99 S. Ct. 2088, 2089-90.)

While the rule as formulated in *Whorton* apparently does not demand that absolute weight or priority be ascribed to any factor, neither does it contemplate sole reliance on any one factor to the exclusion of all others; rather, it appears to be a flexible test which invites comparison among the factors enumerated as well as unanticipated factors having significance in a given case.

Failure to instruct the jury on the presumption of innocence in its most pernicious aspect amounts to a manipulation of fundamental legal principles to achieve results apparently favorable to the State but at the expense of basic protections guaranteed the accused. (See *Estelle v. Williams* (1976), 425 U.S. 501, 48 L. Ed. 2d 126, 96 S. Ct. 1691.) When that principle is not impressed upon the minds of the jurors, the trial could become a mere formality in which the jury presumes guilt, and its function would thus deteriorate into one simply ratifying the criminal investigation. Although it is established that the presumption of innocence is not evidence favoring the accused (*Taylor v. Kentucky*), it remains a vital principle of legal rhetoric which serves to inform the jury not to automatically agree with the prosecution. Its purpose also is to afford fair and even-handed treatment to all persons accused of criminal offenses, so that guilt or innocence is based exclusively on evidence adduced at trial. (*Taylor v. Kentucky*.) That objective may be sacrificed if the jury is not instructed on the presumption of innocence, as it then cannot be said that the rights of the accused are safeguarded. Moreover, the incriminating aspects of the case may be unduly emphasized at the expense of exonerating details.

Our research reveals no dispositive Illinois case, but several broad principles having significant application here are discernible. Although as a general rule a party may not raise on appeal the trial court's failure to

give an instruction not tendered (Ill. Rev. Stat. 1979, ch. 110A, par. 366(b)(2)(i)), in criminal cases substantial defects in instructions are not waived by failure to make timely objection thereto if the interests of justice so require (Ill. Rev. Stat. 1979, ch. 110A, par. 451(c)).

Initially, it should be noted that a defendant who proceeds pro se in a criminal case is ordinarily not accorded any special treatment (*People v. Hudson* (1980), 86 Ill. App. 3d 335, 408 N.E.2d 325) and cannot be heard to complain that his sixth amendment rights have been violated (*United States ex rel. Smith v. Pavich* (7th Cir. 1978), 568 F.2d 33). However, the court in *Pavich*, 568 F.2d 33, 40 n.5, also stated that:

"When the defendant represents himself, the trial judge ordinarily cannot expect much assistance from defense-tendered instructions in framing his charges; but, since the ultimate responsibility for a fair charge remains with the judge, he must exercise special care in his charge to protect the defendant's rights."

In *People v. Parks* (1976), 65 Ill. 2d 132, 137, 357 N.E.2d 487, 489, it was stated (though not expressly held) that the trial court "bears the burden of seeing that the jury is instructed on the elements of the crime charged, on the presumption of innocence and on the question of the burden of proof." *Parks* has been construed as implicitly holding that such instructional defects are substantial and therefore cannot be waived under Supreme Court Rule 366. (*People v. Carey* (1981), 94 Ill. App. 3d 631, 418 N.E.2d 1119.) Also see *People v. Long* (1950), 407 Ill. 210, 95 N.E.2d 461; *People v. Williams* (1981), 97 Ill. App. 3d 394, 422 N.E.2d 1091; and Committee Note to IPI Criminal No. 2.03, which states that "[t]his instruction *must* be given in *all* cases."

In *People v. French* (1972), 5 Ill. App. 3d 908, 909, 284 N.E.2d 481, 482, a conviction was reversed for failure to give IPI Criminal No. 2.03, the court stating:

"If, as here, the defense counsel does not offer this instruction, it should be tendered by the prosecution, or the court should give it on its own motion. We do not reach the question of whether or not it is reversible error to fail to give this instruction in any case. Under the facts in this case, where the presumption of innocence was not mentioned in any instruction or in argument to the jury, the failure to give this instruction amounted to either a denial of due process or inadequate representation, and requires reversal."

In *People v. Donald* (1974), 21 Ill. App. 3d 696, 315 N.E.2d 904, the State argued that no error resulted from the failure to give IPI Criminal No. 2.03, as the jury was adequately informed as to the presumption of innocence and burden of proof from the statements and arguments of counsel. This court disagreed, however, stating:

"IPI 2.03 is explicit and concise, and we find it difficult to believe

that the statements and arguments of counsel, referred to by the State above, would have the same impact on the jurors as would the instruction." (21 Ill. App. 3d 696, 699, 315 N.E.2d 904, 906.) The State maintains that *Donald* is distinguished because the trial court in the instant case explained the presumption of innocence and the State's burden of proof during the voir dire examination. It seems clear to us, however, that the situations are analogous. Here, and as in *Donald,* the jurors were instructed that the applicable law was as stated in the instructions and that it was their duty to follow them. In *Donald,* we stated our belief that this instruction stressed the fact that the jury should follow the law as set forth in the instructions rather than in the statements and arguments of counsel. It is our view also that the effectiveness of the trial court's explanation of the presumption and the State's burden during voir dire was counteracted by the above instruction. In essence, the jurors could have believed it required them to disregard the trial court's previous statements and to listen anew for the applicable law.

Furthermore, while the jury was instructed as to aggravated battery (IPI Criminal No. 11.10) and armed robbery (IPI Criminal No. 14.02) that proof of guilt must be beyond a reasonable doubt, no such instruction was given as to attempt murder. It is significant also that the burden of proof was only minimally stated in those instructions, which as stated in *Taylor v. Kentucky*, 436 U.S. 478, 488, 56 L. Ed. 2d 468, 477, 98 S. Ct. 1930, 1936, "ignores both the special purpose of a presumption-of-innocence instruction and the particular need for such an instruction in this case." Moreover, in *Dodson v. United States* (4th Cir. 1928), 23 F.2d 401, 403, it was said that "the failure to charge on the presumption of innocence is not cured by a correct charge on the burden of proof." We believe that the need for such an instruction is heightened in the present case, since the State's burden of proof was not included in the attempt murder instruction. It seems clear, therefore, that the instructions here were unbalanced, which thereby increased the danger that the jury may have found defendant guilty of attempt murder on an inferior standard of proof. (See *In re Winship* (1970), 497 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068.) When combined with the failure to give IPI Criminal No. 2.03, the result was that the jury was told to consider all the charges without the salutary effect of the presumption of innocence and to consider the attempt murder charge without guidance as to the State's burden of proof.

Other cases support the view that the failure to instruct on the presumption of innocence may not be cured by statements made concerning it at earlier stages of the trial. In *United States v. Nelson* (5th Cir. 1974), 498 F.2d 1247, the court rejected the contention that references to the presumption of innocence throughout the proceedings coupled with the trial court's detailed instructions on the burden of proof cured the omis-

sion of an instruction on the presumption of innocence. Similarly, in *Dodson v. United States*, the trial court explained the presumption of innocence to the jury before any testimony was presented and, at the close of testimony, the jury was instructed as to the applicable law but was not instructed as to the presumption of innocence or the State's burden of proof. Finding that omission to be reversible error, the court stated:

> "[T]he defendant was entitled to have the jury instructed as to the presumption of innocence at the time when they were given the other instructions in the case. Jurors understand that they are to be guided in their deliberations by the instructions given them after the testimony is concluded; and the accused is entitled to have any proper instruction given at that time. An instruction given at the beginning of the trial is likely to be forgotten or misunderstood; and in this case, even if the charge as to the presumption of innocence had been correct, the jury might well have concluded that, having been given at the beginning of the trial, and not along with the other instructions, it was not a matter which they were to consider in their deliberations." 23 F.2d 401, 403.

In sum, we have noted that no instruction was given as to the presumption of innocence; that no instruction was given which specifically used the phrase "burden of proof"; that the jury was not informed as to the State's burden of proof in attempt murder; and that the issues instructions on armed robbery and aggravated battery stated only that if certain propositions were proved beyond a reasonable doubt the jury could find defendant guilty of those charges, which instructions were, at most, a minimal statement as to the State's burden.

While it appears that the evidence was sufficient to sustain the convictions of attempt murder and armed robbery (see *Miklencic v. United States* (3d Cir. 1933), 62 F.2d 1044), we believe that to do so in light of the circumstances as set forth above would compromise two principles whose historical significance is unchallenged.

■■ Therefore, we find that it was error not to have given IPI Criminal No. 2.03 on the presumption of innocence and the State's burden of proof. We reverse the convictions and sentences for attempt murder and armed robbery, and remand for a new trial.

Parenthetically, we note that the trial court exercised great patience and conducted itself most capably in the handling of the many problems and awkward situations resulting from defendant's ineptness in his own representation.

Reversed and remanded for a new trial.

LORENZ and MEJDA, JJ., concur.