THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REGINALD WILLIAMS, Defendant-Appellant.

First District (4th Division)   No. 82—1815

Opinion filed December 29, 1983.

Steven Clark and Donna Finch, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Lawrence R. Stasica, and Thomas J. Finn, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, defendant, Reginald Williams, was convicted of one count of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2) and sentenced to an eight-year term in the Illinois Department of Corrections.

On appeal, defendant raises four issues. We find it necessary, however, to consider only the first of these; namely, whether the trial court's failure to give Illinois Pattern Jury Instruction (IPI), Criminal, No. 2.03 (2d ed. 1981) concerning the presumption of innocence and the State's burden of proof, denied defendant a fair trial. Our affirmative finding on this issue obviates any consideration of the subsequent claims of error raised by defendant.

Accordingly, we reverse the decision of the trial court and remand for a new trial.

On August 25, 1981, at approximately 5:30 p.m., the Gas City Service Station in Evergreen Park was robbed. The robber held a part-time employee of the station at gunpoint and demanded he surrender the station's money. After the robber fled, the employee telephoned the police and reported the incident. Approximately one-half hour prior to the robbery, a woman who lived two doors away from the station witnessed a man duck down under the dashboard of an unfamiliar car parked in the alley between the service station and her home. The woman then saw a strange man walking toward the Gas City station. She wrote down the license number of the car and re-

ported her observations to the police, who ran a vehicle registration check on the license plate. The check revealed that the car was registered to defendant, Reginald Williams.

Defendant was brought in for a line-up. At the line-up, the Gas City employee identified defendant as the man who robbed the station. Defendant was charged by information with one count of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2) and one count of armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2). The State moved to nolle pros the armed-violence count, and the motion was granted. Defendant demanded a jury trial.

At trial, neither the defense nor the State tendered the presumption-of-innocence instruction (IPI Criminal No. 2.03), and the trial court failed to give the instruction *sua sponte*. The only mention of the continuing presumption of defendant's innocence by the trial court was made to prospective jurors at the onset of trial during *voir dire* examination. The State's burden of proof was mentioned once during *voir dire*, and the standard of proof was mentioned again as part of the issues instruction for armed robbery. The jurors were also instructed that the applicable law was stated in the instructions and that it was their duty to follow them. Defendant did not object at trial to the court's failure to give IPI Criminal 2.03, nor did he raise the issue in a post-trial motion.

The jury found defendant guilty of armed robbery. The trial court sentenced defendant to an eight-year term in the Illinois Department of Corrections. This appeal followed.

OPINION

On appeal, defendant claims as error the trial court's (1) failure to give IPI Criminal No. 2.03 *sua sponte*, (2) admission into evidence of statements by defendant which were not tendered to the defense during discovery, (3) denial of defendant's motion to quash arrest and suppress identification testimony based on a lack of probable cause, and (4) imposition of a sentence greater than the minimum statutory term. Due to the dispositive nature of defendant's first claim of error, we need address ourselves solely to that issue.

Defendant asserts that the trial court's failure to give IPI Criminal No. 2.03, an instruction on the presumed innocence of the defendant and the State's burden of proof, denied him his due process right to a fair trial. The State argues that defendant, by failing to either object or tender the instruction at trial, waived this issue on appeal. Alternatively, the State maintains that where, as here, the jury is informed of the substance of IPI Criminal No. 2.03 by the "totality of

circumstances" during trial, the trial court is relieved of its obligation to instruct on its own motion.

While we agree with the State that the determination of whether failure to give the presumption-of-innocence instruction constitutes reversible error is to be based on the "totality of circumstances" in each particular case, we find that under existing law and in light of the unique totality of circumstances presented in the record before us, we must conclude that in this case, the trial court's failure to give IPI Criminal No. 2.03 deprived defendant of a fair trial.

The presumption-of-innocence instruction, IPI Criminal No. 2.03, reads as follows:

> "The defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.
>
> The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence."

This specific instruction was not given. Citing *People v. Parks* (1976), 65 Ill. 2d 132, 137, 357 N.E.2d 487, 489, the State posits the general rule that a party who desires a specific instruction must offer it and request the court to give it, and the trial court has no obligation to instruct on its own motion. The State conveniently neglects, however, to bring to the court's attention the remaining part of the paragraph in *Parks*, in which our supreme court sets forth the well-settled modification to this general rule:

> "In criminal cases, however, this rule is modified in certain situations by the requirements of a fair trial. It has been held that a court bears the burden of seeing that the jury is instructed on the elements of the crime charged, on the presumption of innocence and on the question of burden of proof. *People v. French* (1972), 5 Ill. App. 2d 908; *People v. Kuykendall* (1970), 120 Ill. App. 2d 225; *People v. Davis* (1966), 74 Ill. App. 2d 450; Note, *Criminal Juries and Defenses, Instruction of Jurors*, 7 Loy. U. Chi. L.J. 1036, 1042, 1046 (1976)." (*People v. Parks* (1976), 65 Ill. 2d 132, 137, 357 N.E.2d 487, 489.)

This modification to the general rule is consistent with the committee note to IPI Criminal No. 2.03, which states in part,

> "The firm commitment to presumed innocence which can be

overcome only by proof beyond a reasonable doubt is the touchstone of American criminal jurisprudence. This instruction *must* be given in *all* cases."

*Parks* makes it clear that the trial judge has a responsibility to ensure that certain essential instructions are given. (*People v. Roberts* (1979), 75 Ill. 2d 1, 13, 387 N.E.2d 331, 337.) The State insists, however, that defendant's failure to either object to or tender a particular instruction at trial precludes him from raising the issue on appeal. Again, while the State is correct in its statement of the general rule of waiver (73 Ill. 2d R. 366(b)(2)(i)), the rule will not operate where, as here, the effect of the rule is to deprive an accused of his constitutional rights of due process. *People v. Burson* (1957), 11 Ill. 2d 360, 370, 143 N.E.2d 239, 245.

Supreme Court Rule 451(c) (73 Ill. 2d R. 451(c)) provides for a limited exception to the rule of waiver. In discussing the exception to the waiver rule as it relates to the failure to raise an issue in the trial court, our supreme court has stated that a court may, as a matter of grace, take notice of errors appearing on the record which deprive the accused of a fair and impartial trial. (*People v. Roberts* (1979), 75 Ill. 2d 1, 14, 387 N.E.2d 331, 337.) The trial court's failure to give any of the three essential jury instructions (elements of the crime, presumption of innocence, or the State's burden of proof) deprives an accused of a fair and impartial trial. (*People v. Roberts* (1979), 75 Ill. 2d 1, 13-14, 387 N.E.2d 331, 337.) For this reason, we may take notice of the trial court's failure to give IPI Criminal No. 2.03 despite defendant's not having raised the issue at trial or in a post-trial motion. *People v. Williams* (1981), 97 Ill. App. 3d 394, 400, 422 N.E.2d 1091, 1096.

Alternatively, the State argues that the court's omission of IPI Criminal No. 2.03 does not constitute reversible error because (1) the trial court explained its substance during the *voir dire* examination, (2) the issue instruction on armed robbery apprised the jury that defendant's guilt must be proven beyond a reasonable doubt, and (3) the evidence of defendant's guilt was overwhelming. The State maintains that through the combination of these factors, or the "totality of circumstances," the jury had a complete understanding of the presumption of innocence and the State's burden of proof such that defendant received a fair trial. We cannot agree.

A situation similar to that presented by the instant case was dealt with by this court in *People v. Carpenter* (1981), 101 Ill. App. 3d 792, 428 N.E.2d 983. As in the case at bar, the State in *Carpenter* argued that the defendant was not prejudiced by the omission of IPI Criminal No. 2.03 because the substance of the instruction was communicated

to the jury by the trial court's statements during *voir dire* examination at the onset of the proceedings. (101 Ill. App. 3d 792, 794, 428 N.E.2d 983, 984.) The State also maintained that the jury was instructed as to the People's burden of proof beyond a reasonable doubt by the issues instruction given for one of the offenses charged. The *Carpenter* court rejected both these arguments.

In considering all the facts and circumstances at trial, the *Carpenter* court reasoned that the impact of the trial judge's statements during *voir dire* was diminished by the subsequent instruction that the applicable law was stated in the instructions and that it was the jury's duty to follow it. (*People v. Carpenter* (1981), 101 Ill. App. 3d 792, 797, 428 N.E.2d 983, 986.) The court stated that the jurors could have believed the subsequent instruction required them to disregard the trial court's previous statements and to listen anew for the applicable law. (101 Ill. App. 3d 792, 797, 428 N.E.2d 983, 986.) Here, as in *Carpenter*, the jury was informed that "the law that applies to this case is stated in the instructions and it is your duty to follow all of them." Thus, as in *Carpenter*, the impact of any statement made by the judge during *voir dire* was diminished, and the jurors could have believed that, in reaching a verdict, they were to disregard any statements made by the trial court prior to the instructions.

The *Carpenter* court further reasoned that the issues instruction on one of the offenses charged, only minimally informed the jury as to the State's burden of proving the defendant guilty beyond a reasonable doubt. (101 Ill. App. 3d 792, 797, 428 N.E.2d 983, 986.) In addition, the court found that failure to charge on the presumption of innocence is not cured by a correct charge on the burden of proof. Citing *Dodson v. United States* (4th Cir. 1928), 23 F.2d 401, 403, the *Carpenter* court quoted with approval the following:

> " '[T]he defendant was entitled to have the jury instructed as to the presumption of innocence at the time when they were given the other instructions in the case. Jurors understand that they are to be guided in their deliberations by the instructions given them after the testimony is concluded; and the accused is entitled to have any proper instruction given at that time. An instruction given at the beginning of the trial is likely to be forgotten or misunderstood; and in this case, even if the charge as to the presumption of innocence had been correct, the jury might well have concluded that, having been given at the beginning of the trial, and not along with the other instructions, it was not a matter which they were to consider in their deliberations.' " *People v. Carpenter* (1981), 101 Ill. App. 3d 792, 798,

428 N.E.2d 983, 987.

■ We must conclude, as did the *Carpenter* court, that the oral statement of a judge made at the beginning of a criminal trial is not the equivalent of a jury instruction and does not cure the failure to give an essential instruction. (*Bloomington & Normal Ry. v. Gabbert* (1903), 111 Ill. App. 147, 150.) Similarly, we do not find that the minimal mention of the burden of proof during an issues instruction adequately apprises the jury of the substance of IPI Criminal No. 2.03. Such minimal mention is hardly, as the State would have us believe, the "careful, complete explanation to the jury that the prosecution bears the burden of proof beyond a reasonable doubt" found adequate to convey the substance of a presumption-of-innocence instruction in *United States v. DeJohn* (7th Cir. 1981), 638 F.2d 1048, 1059. Rather than sufficiently imparting to the jury an understanding of the presumption of innocence concomitant with the prosecution's burden of proof, this minimal statement ignores both the special purpose of a presumption-of-innocence instruction and the need for such an instruction in this case. *Taylor v. Kentucky* (1978), 436 U.S. 478, 488, 56 L. Ed. 2d 468, 477, 98 S. Ct. 1930, 1936.

■ The final element of the "totality of circumstances" perceived by the State to justify the trial court's failure to give IPI Criminal No. 2.03 is the "overwhelming" evidence of defendant's guilt. While it does appear that the evidence was sufficient to sustain a conviction for armed robbery, for this reviewing court to affirm that conviction in light of the facts and circumstances of this case would violate the constitutional principles of due process (*People v. French* (1972), 5 Ill. App. 3d 908, 909, 284 N.E.2d 481, 482) and fundamental fairness (*People v. Ogunsola* (1981), 87 Ill. 2d 216, 222, 429 N.E.2d 861, 864). We are not convinced beyond a reasonable doubt that the trial court's omission of the presumption-of-innocence instruction did not contribute to the jury's verdict. *People v. Boose* (1980), 85 Ill. App. 3d 457, 461, 406 N.E.2d 963, 966.

We therefore hold that, viewing the totality of the circumstances, the trial court's failure to give IPI Criminal No. 2.03 constitutes reversible error. This holding renders unnecessary our consideration of the other issues raised by defendant on appeal.

For these reasons, we reverse the decision of the trial court and remand for a new trial.

Reverse and remand.

ROMITI, P.J., and JOHNSON, J., concur.