THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD TRUE, Defendant-Appellant.

Second District   No. 2—85—0481

Opinion filed June 11, 1986.

G. Joseph Weller and Kim M. Dewitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State'e Attorney, of Waukegan (Kenneth R. Boyle, of State's Attorneys Appellate Service Commission, of Springfield, and William L. Browers and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Richard True, was charged by information with the offense of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3). Defendant was found not guilty by a jury of residential burglary but guilty of the lesser included offense of criminal trespass to residence. Judgment was entered on the criminal trespass to residence verdict, and a sentence of 360 days in the county jail was imposed.

At trial defendant testified that on January 30, 1985, he went to his parents' house, knowing that they would not be home, to find out whether his father had kept a letter and some photographs of defendant's daughter that he had sent his father in the summer of 1984 and also to look at some insurance papers and income tax returns. Defendant broke into the house through a basement window. Defendant admitted that he did not have permission to enter his parents' house. Defendant related that when he entered the house, he did not intend to take anything. After reading the documents he had come to inspect, defendant decided to take a number of comic books from his father's collection, replacing them with less valuable books; a book of checks, on one of which he forged his father's signature and received $100; his father's Air Force Reserve flight jacket; and a Lord and Taylor credit card.

Defendant's stepmother and father, Doreen and Raymond True, testified that they discovered the broken basement window when they arrived home on January 30. Later, they discovered the missing book of checks when they received their bank statement, which showed a check payable to defendant in the amount of $100. Although the check bore the signature of Raymond True, Mr. True testified the signature was not his. Still later, other items taken by defendant were discovered missing. Both parents stated that defendant did not have permission to enter their home and that he had been so advised on several occasions.

At the jury instruction conference both the State and the defendant submitted instructions. The instructions submitted by the State included an incomplete version of Illinois Pattern Jury Instruction, Criminal, No. 2.03 (2d ed. 1981) (hereinafter cited as IPI Criminal 2d No. 2.03), the presumption of innocence instruction. All of the State's instructions were submitted to the jury without objection.

The jury subsequently found defendant not guilty of residential burglary and guilty of criminal trespass to residence.

Defendant appeals, arguing that when the State submitted, and the trial court allowed, an incomplete version of IPI Criminal 2d No. 2.03, omitting the second paragraph therefrom, which instructed the

jury as to the State's burden of proof, he was denied his due process right to a fair trial. The State maintains that by failing to object to the giving of the incomplete instruction at trial, defendant waived this issue on appeal. Additionally, the State asserts that where, as here, the "totality of the circumstances" provided the jury with a complete understanding of the presumption of innocence and the State's burden of proof, the failure to tender the complete version of IPI Criminal 2d No. 2.03 constituted harmless error. In light of the totality of the circumstances presented in the record before us, we agree.

In its complete version, the presumption of innocence instruction, IPI Criminal 2d No. 2.03, provides:

"((The) (Each)) defendant is presumed to be innocent of the charge(s) against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence."

This instruction, as it appears in the common law record of the instant case, omits the second paragraph pertaining to the State's burden of proof. The common law record and the transcript of proceeding reveal that counsel for defendant raised no objection to the trial court's giving of this incomplete version of IPI Criminal 2d No. 2.03 to the jury nor did counsel file a post-trial motion wherein he objected to the form or content of the instruction as given.

■ It is well settled that the failure to object at trial or in a post-trial motion to an error in a jury instruction waives a party's right to urge this error on appeal. (*Chiesa v. Laspisa* (1980), 90 Ill. App. 3d 911, 917, 414 N.E.2d 47.) Defendant, however, relies on *People v. Williams* (1983), 120 Ill. App. 3d 900, 458 N.E.2d 1312, *People v. Carpenter* (1981), 101 Ill. App. 3d 792, 428 N.E.2d 983, and *People v. Donald* (1974), 21 Ill. App. 3d 696, 315 N.E.2d 904, three cases pertaining to the effect caused by the omission of the presumption of innocence instruction, to illustrate that this waiver rule will not operate in criminal cases where the effect of the rule is to deprive a defendant of his right to a fair trial. Based on the aforementioned cases, defendant argues that the omission of the second paragraph of the presumption of innocence instruction constituted plain error. However, we find *Donald, Carpenter,* and *Williams* to be distinguishable, as in each the

court failed to give the presumption of innocence instruction in its entirety. Here, only the second paragraph was omitted. Also, in the aforementioned cases the appellate court found the omission of the first paragraph of the instruction, *i.e.*, the portion pertaining to a defendant's presumption of innocence, to be particularly damaging to a defendant's right to a fair trial. In the instant case that part of the instruction was given.

■ In *Kentucky v. Whorton* (1979), 441 U.S. 786, 60 L. Ed. 2d 640, 99 S. Ct. 2088, the United State Supreme Court held that a trial court's failure to give the presumption of innocence instruction did not, in and of itself, violate a party's right to a fair trial and that whether such failure constituted reversible error depended upon a "totality of the circumstances" at trial, "including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors." (441 U.S. 786, 789, 60 L. Ed. 2d 640, 643, 99 S. Ct. 2088, 2090.) Considering the totality of the circumstances at trial in the instant case, we find the trial court's error in giving an incomplete version of IPI Criminal 2d No. 2.03 to be harmless. The record indicates that emphasis on the burden of proof requirement, which constituted the text of the omitted paragraph in the presumption of innocence instruction, occurred on several occasions prior to and during trial. That the State was required to prove the defendant guilty beyond a reasonable doubt was stressed by the trial court to all prospective jurors during the *voir dire*, by defense counsel during his closing argument, and by the court's tendering of the issues instruction on criminal trespass. These occurrences show the jurors were made aware of the State's burden of proving defendant guilty beyond a reasonable doubt. Moreover, that the jurors were aware of and considered this burden in reaching their verdict was demonstrated when they rejected the conclusion that the State had proved defendant guilty beyond a reasonable doubt of the greater offense of residential burglary. This conclusion appears correct, as the jury could have found that the evidence did not show beyond a reasonable doubt that defendant entered his parents' premises with the intent to take anything.

The evidence did, however, overwhelmingly show that no doubt could possibly exist as to defendant's guilt of criminal trespass. The testimony at trial clearly established that fact. In particular, defendant admitted that he entered his parents' premises without their permission and that he had been specifically told by them that he had no such permission. Thus, defendant conceded he was guilty of the charge of criminal trespass, precisely the charge of which the jury found him guilty.

Based on the "totality of the circumstances" presented at trial in the instant case, the jury could not have merely presumed defendant's guilt on the criminal trespass charge. We do not believe, therefore, that the trial court's giving of an incomplete presumption of innocence instruction contributed to the jury's verdict and, thus, denied defendant a fair trial.

In view of the above, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.