2019 IL App (1st) 152528-U

FIRST DISTRICT
SECOND DIVISION
November 12, 2019

No. 1-15-2528

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 15 CR 6568 |
| | ) | |
| PATRICK HARPER, | ) | Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's failure to tender the presumption of innocence and the State's burden of proof instruction to the jury denied defendant a fair trial.

¶ 2    Following a jury trial, defendant Patrick Harper was convicted of possessing a gun with a defaced serial number and two counts of aggravated unlawful use of a weapon. Harper appeals his conviction, raising six issues for our review.[1] We find it necessary only to consider whether

_____

[1]On appeal, Harper argues that (i) the evidence was insufficient to convict him because the State failed to prove he knew the gun was defaced; (ii) the trial court improperly admonished prospective jurors under Illinois Supreme Court Rule 431(b) (eff. July 1, 2012); (iii) he was denied a fair trial when the jury was not instructed on the principles of the presumption of innocence and the burden of proof; (iv) the trial court improperly explained the reasonable doubt standard; (v) the trial court erred in admitting a certificate establishing that he had not been issued a firearm owner's identification card (FOID) or a concealed carry license; and (vi) his convictions violated the one-act, one-crime doctrine.

Harper was denied a fair trial because the trial court failed to properly instruct the jury on the principles of presumption of innocence and the burden of proof.

¶ 3 The following evidence was adduced at trial. At 12:10 a.m. on April 9, 2015, while Chicago Police Sergeant Cornelius Brown and Chicago Police Officers Hardy[2] and Noel Morgan were patrolling the area of 76th and Cottage Grove in an unmarked squad car, they observed a silver Grand Prix run a red light. The police followed the Grand Prix for about a quarter mile before catching up to it and then activating the police vehicle's lights and sirens. The Grand Prix came to an abrupt stop at 7620 South Champlain.

¶ 4 Sergeant Brown and Officer Morgan exited the police vehicle and at about the same time, Brown saw Harper exit the vehicle from the rear passenger side. Brown quickly approached Harper, drew his weapon, and ordered Harper to get back in the vehicle. Harper sat in the rear passenger seat, with the door open and his legs dangling outside of the vehicle.

¶ 5 Brown asked Harper where he was going and if he knew anyone on the block. Harper responded that he was "just trying to get out the vehicle" and he did not know anyone on the block. Brown again asked Harper where he was going. Harper responded by handing Brown "a bag of weed," explaining "that's why he was getting out of the vehicle." After Brown ordered Harper to get back in the vehicle, Harper complied.

¶ 6 A few seconds later, Brown changed his mind and ordered Harper out of the vehicle. After Harper exited the vehicle, Brown observed a semi-automatic handgun with a satin nickel finish lying on the floor in the same area where Harper had been sitting. Brown recovered the gun, which was loaded with six live rounds and had been defaced. The serial number just below the slide had been "removed from [the gun], etched out, scratched out."

---

[2]The record does not include Officer Hardy's first name.

¶ 7    A certificate issued by the Firearm Services Bureau of the Illinois State Police was admitted into evidence certifying that as of April 29, 2015, Harper had not been issued a FOID card or a concealed carry license. The defaced gun was also admitted into evidence.

¶ 8    During the jury instruction conference, the trial court confirmed that the jury would be instructed regarding the burden of proof and presumption of innocence. For reasons that are not clear from the record, the trial judge did not instruct the jury on these principles, either orally or in writing.

¶ 9    The jury deliberated for less than an hour before finding Harper guilty of defacing identification marks of a firearm, aggravated unlawful use of a weapon with no concealed carry license, and aggravated unlawful use of weapon with no FOID card. Harper was sentenced to concurrent terms of 26 months of imprisonment for possession of a firearm with a defaced serial number and 14 months for aggravated unlawful use of a loaded weapon.

¶ 10    We first address Harper's claim that he was denied a fair trial when the trial court failed to instruct the jury regarding the presumption of innocence and burden of proof.

¶ 11    IPI Criminal 4th No. 2.03 states:

> "The defendant is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict and is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that he is guilty.
>
> The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence."

¶ 12    Two things are undisputed in this appeal. One, the trial judge failed to properly instruct the jury on the principles of presumption of innocence and the State's burden of proof; and two, the defendant failed to object to these errors either at trial or in a posttrial motion. Ordinarily, this

claim would be forfeited, but the failure to instruct the jury on the presumption of innocence and burden of proof instruction has been found "to be particularly damaging to a defendant's right to a fair trial." *People v. True*, 144 Ill. App. 3d 45, 48 (1986) (citing *People v. Williams*, 120 Ill. App. 3d 900 (1983); *People v .Carpenter*, 101 Ill. App. 3d 792 (1982); *People v. Donald*, 21 Ill. App. 3d 696 (1974)). Instructing the jury on these principles "is a time-honored and effective method" of protecting a defendant's constitutional right to a fair trial. *People v. Layhew*, 139 Ill. 2d 476, 486 (1990). The trial court is responsible for instructing the jury on the elements of the crime charged, the presumption of innocence, and the State's burden of proof, even when not requested by the defense. *Williams*, 97 Ill. App. 3d at 400. Under these circumstances, there is no forfeiture and we must determine whether the instruction error denied the defendant a fair trial. *Layhew*, 139 Ill. 2d at 486; *People v. Casillas*, 195 Ill. 2d 461, 474 (2000).

¶ 13    In *Layhew*, 139 Ill. 2d at 486, our Supreme Court instructed reviewing courts to consider the totality of circumstances in determining whether a defendant received a fair trial despite the failure to instruct the jury on the presumption of innocence and the State's burden of proof. The relevant factors to consider under the "totality of circumstances" approach include " 'all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors.' " *Id.* (quoting *Kentucky v. Whorton*, 441 U.S. 786, 789 (1979)); *Casillas*, 195 Ill. 2d at 474.

¶ 14    We begin by examining all of instructions given to the jury. The trial judge gave preliminary instructions to the entire venire at the beginning of *voir dire*, as follows:

"These are not your final and complete instructions. Those will come after you've heard all the evidence and the final arguments of the attorneys. When the time for giving instructions comes, I will read them to you and you'll get them in writing along with our verdict forms for your consideration.

\*\*\*

Under the law the Defendant is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict and it is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that the Defendant is guilty.

The State has the burden of proving the Defendant–has the burden of proving the guilt of the Defendant beyond a reasonable doubt and this remains on the State throughout the case. The Defendant is not required to prove his innocence nor is he required to present any evidence on his own behalf. He may rely upon the presumption of innocence.

Ladies and gentlemen, at this time I want to talk to you about some basic principles of constitutional law that apply to all criminal cases. Under our Constitution and the Constitution of the United States anybody placed on trial in a criminal case is presumed to be innocent of the charges against him. What that basically means if you were selected as jurors and I sent everybody in the courtroom back to the jury room and told you reach a verdict, you would have to come back with a not guilty because Mr. Harper has a presumption of innocence and no evidence has been presented against him and that basically is the presumption of innocence. Does anybody have any problems understanding that basic principle, please raise your hand. Let the record indicate nobody in the inner or outer part of the courtroom has raised their hand.

Does anybody have any problems or qualms about applying that constitutional principle, please raise your hand. Again nobody in the courtroom has raised their hand.

The next constitutional issue I want to talk to you about is the burden of proof. Some of you may have sat in civil cases. There the burden of proof is proof beyond a preponderance of the evidence and if you look at a scale, all you have to do is tilt it and that is preponderance. The definition of preponderance of the evidence is it's more likely

than not that the event occurred. In a criminal case the burden of proof is proof beyond a reasonable doubt and that's the highest burden of proof at law. Does anybody have any problems understanding that constitutional principle of proof beyond a reasonable doubt, please raise your hand. Let the record indicate nobody in the outer or inner part of the courtroom has raised their hand.

Does anybody have any problems applying that constitutional principle or qualms about applying that constitutional principle, please raise your hand. Again nobody has raised their hand.

The next principle I want to talk to you about is the burden of proof which is proof beyond a reasonable doubt stays with the State throughout the entire case. Does anybody have any problems understanding that, the constitutional principle that the State has the burden of proof and this burden stays with the State throughout the entire case, please raise your hand. And nobody has raised their hand.

Does anybody have any problems or qualms about applying that constitutional principle, please raise your hand. Again nobody has raised their hand."

Apart from those initial admonishments, the jury was not instructed regarding the principles of the presumption of innocence and burden of proof at anytime during the trial. See *contra Casillas*, 195 Ill. 2d at 474-77 (defendant's conviction affirmed because the principles of the presumption of innocence and burden of proof were repeated throughout the trial).

¶ 15    In addition, the State concedes that the venire members were not asked whether they understood and accepted the principle that the defendant is not required to offer any evidence on his or her own behalf, in violation of Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) and the court's holding in *People v. Zehr*, 103 Ill. 3d 472, 477 (1984).

¶ 16    Finally, prior to beginning their deliberations, the trial court admonished the jurors that the applicable law was stated in the instructions and that it was their duty to follow them.

However, as we recognized in *People v. Carpenter*, 101 Ill. App. 3d 792, 797 (1981), any "effectiveness in the trial court's explanation of the presumption and the State's burden during *voir dire* was counteracted" by so advising the jury. "In essence, the jury could have believed [they were required] to disregard the trial court's previous statements and to listen anew for the applicable law." *Id.*; see also *People v. Williams*, 120 Ill. App. 3d 900, 906 (1983) (the trial judge's comments during *voir dire* were not a jury instruction and did not cure the trial court's "failure to give an essential instruction.").

¶ 17    While acknowledging "that the jurors in this case never received IPI 2.03 or any other formal instruction informing them about the presumption of innocence or the burden of proof," the State argues that "the inadvertent error in failing to give the instruction was harmless error." We disagree. Although the issues instructions provided that the State was required to prove the elements of the charged offenses "beyond a reasonable doubt," the presumption of innocence was not discussed. Accordingly, the issues instructions failed to impart to the jury "an understanding of the presumption of innocence concomitant with the State's burden of proof." *Williams*, 120 Ill. App. 3d at 906. This is "a vital principle of legal rhetoric which serves to inform the jury not to automatically agree with the prosecution." *Carpenter*, 101 Ill. App. 3d at 795. Its purpose is to also "afford fair and even-handed treatment of all persons accused of criminal offenses, so that guilt or innocence is based exclusively on evidence adduced at trial." *Id*. Where, as occurred here, the jury is not instructed on the presumption of innocence, "that objective may be sacrificed." *Id*.

¶ 18    The second relevant factor requires an examination of the parties' arguments. Importantly, neither the State nor defense counsel discussed the presumption of innocence during closing arguments.

¶ 19    Regarding the burden of proof, the prosecutors discussed the elements of each of the offenses charged and argued that "once you go back into that room and deliberate, you will know

beyond a reasonable doubt the defendant is guilty beyond a reasonable doubt." Those minimal statements were not sufficient to convey to the jury that it was the State's burden to prove the defendant guilty beyond a reasonable doubt and that the defendant is not required to prove his innocence. In addition, defense counsel did not even mention these principles in his argument. See *contra Layhew*, 139 Ill. 2d at 484 (defense counsel argued "As the defendant sits here right now, he's viewed as being not guilty. It's the State's burden to prove him guilty. I submit to you that has not been done beyond a reasonable doubt."); *Casillas*, 195 Ill. 2d at 478 (defense counsel repeated the State's burden of proof three times); (*People v. King*, 248 Ill. App. 3d 253, 278 (1993) (defense counsel reminded the jury about the State's burden "no less than 25 times."). Clearly, the closing arguments in this case did not cure the trial court's erroneous failure to properly instruct the jury.

¶ 20    Finally, we must consider whether the evidence of Harper's guilt was "overwhelming." Although the evidence was arguably sufficient to sustain Harper's convictions, it is apparent from the foregoing discussion that the trial court's failure to properly instruct the jury may have contributed to the jury's verdict. *People v. Cage*, 146 Ill. App. 3d 726, 733 (1986); *Williams*, 120 Ill. App. 3d at 906. Based on the totality of the facts and circumstances of this case, we find that the defendant was denied a fair trial. *Williams*, 120 Ill. App. 3d at 906; *Carpenter*, 101 Ill. App. 3d at 798; *Donald*, 21 Ill. App. 3d at 701; *People v. French*, 5 Ill. App. 3d 908, 909 (1972).

¶ 21    Given our holding reversing and remanding this matter for a new trial, we need not consider the other issues raised on appeal.

¶ 22    Reversed and remanded.